UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STUART TAYLOR,

         Plaintiff,                CIV. S-03-2548 PAN

    v.

JO ANNE B. BARNHART,              Memorandum of Decision
Commissioner of Social
Security,

         Defendants.

—o0o—

    Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

    If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 404.1520(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 404.1520(c). Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 404.1520(f).

Defendant found plaintiff was eligible, suffered from lumbar disc disease but no listed impairment, that he cannot do his past work but retains the capacity for light work and, applying the medical-vocational guidelines, is not disabled.  Tr. 14-15.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims defendant entirely ignored the opinion of Dr. Tempkin, a treating physician, about "functional limitations that plaintiff would face in the workplace."

On February 11, 1996, Dr. Tempkin completed a Functional Capacity Evaluation in which he reported plaintiff can sit and stand for 3 hours each and walk for 2 hours in an eight-hour day, that he can frequently carry 10 pounds and occasionally carry 34 pounds, that he can occasionally lift 24 pounds but never 25 pounds, that he could only occasionally squat, crawl, reach above the shoulder, crouch balance, push and pull and never bend or stoop or climb.  Tr. 132.

Defendant found plaintiff was capable of light work. "Light work" involves lifting no more than 20 pounds at a time with frequent (from one-third to two-thirds of the time) lifting

or carrying of objects weighing up to 10 pounds.  See 20 C.F.R. § 404.1567; SSR 83-10.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs--or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  Id. Further,

> [a] job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position. . . . Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

SSR 83-10.  "To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567.

The limitations found by Dr. Tempkin are entirely consistent with defendant's findings.

////

There was no error and the decision is affirmed.

Dated:  May 25, 2005.

            /s/ Peter A. Nowinski
            PETER A. NOWINSKI
            Magistrate Judge